## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

CITY OF ST. LOUIS, *et al.*,           )
                                       )
            Plaintiffs,                )
                                       )
    vs.                                )        Case No. 4:25-cv-00498-MTS
                                       )
STATE OF MISSOURI,                     )
                                       )
            Defendant.                 )

## MEMORANDUM AND ORDER

A mere glance at the caption of this case is enough to raise a jurisdictional red flag. Plaintiffs, the City of St. Louis and Megan Green, filed this action against one Defendant, the State of Missouri. But as a sovereign, Missouri enjoys sovereign immunity—the "privilege . . . not to be sued without its consent." *Va. Off. for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). Given its sovereign immunity, the "starting point" here is the "assumption that [Missouri] is immune" from this action. 13 Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 3524 (3d ed. 2025). Neither the City of St. Louis[1] nor Green[2] may sue Missouri unless they identify some waiver or abrogation of Missouri's immunity for this specific action. *See Grizzle v.*

---

[1] *St. Charles County v. Wisconsin*, 447 F.3d 1055, 1059 (8th Cir. 2006) (finding Eleventh Amendment barred suit against state brought by Missouri county); *accord Kelley v. Metro. Cnty. Bd. of Educ. of Nashville & Davidson Cnty.*, 836 F.2d 986, 988 (6th Cir. 1987) (explaining that a state "cannot be sued by its own political subdivisions, which are creatures of the state and exist only at the state's sufferance").

[2] *Balogh v. Lombardi*, 816 F.3d 536, 544 (8th Cir. 2016) (explaining the Eleventh Amendment "bars suits by private citizens against a state in federal court"); *accord Frazier v. King*, 873 F.2d 820, 827 (5th Cir. 1989) ("The Eleventh Amendment prohibits a citizen from bringing a suit in federal court against his own state.").

*Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011) ("Pursuant to the Eleventh Amendment, a state may not be sued in federal court unless it waives its sovereign immunity or its immunity is abrogated by an act of Congress under section 5 of the Fourteenth Amendment."); Wright, *supra*, at § 3524 (explaining suits against a state are "barred, regardless of whether the plaintiff is an alien or citizen of another state, a citizen of the state itself, . . . or a municipal authority").

The Complaint does not discuss waiver or abrogation of Missouri's sovereign immunity for this specific action, and the Court sees nothing therein that suggests waiver or abrogation is present here. *See Barnes v. State of Missouri*, 960 F.2d 63, 64–65 (8th Cir. 1992) (per curiam) (discussing the two "well-established exceptions" to Eleventh Amendment immunity, waiver and abrogation). Nor is this action against Missouri a proper application of *Ex Parte Young*, 209 U.S. 123 (1908). *See Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (explaining the *Ex Parte Young* doctrine "does not extend" to actions against "states or state agencies").

"If sovereign immunity applies, [this Court] must dismiss the claim against the state." Wright, *supra*, at § 3524. *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). As best the Court can tell, dismissal seems inevitable here absent amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (stating that Congress did not intend to "disturb the States' Eleventh Amendment immunity" by passing 42 U.S.C. § 1983); *Harmon v. Preferred Fam. Healthcare, Inc.*, 125 F.4th 874, 882 (8th Cir. 2025) ("Missouri has not waived its Eleventh Amendment immunity."); *see also Sac & Fox*

*Tribe of the Miss. in Iowa, Election Bd. v. Bureau of Indian Affs.*, 439 F.3d 832, 836 (8th Cir. 2006) ("Once the district court became aware that it lacked subject matter jurisdiction, it had no choice but to dismiss the claim."). But, out of an abundance of caution, the Court will provide Plaintiffs' learned counsel the opportunity to demonstrate why Plaintiffs can sue the sovereign State of Missouri for the claims in this action. In the alternative, Plaintiffs may, as a matter of right under Federal Rule of Civil Procedure 15(a)(1)(A), file an amended complaint that properly rectifies this threshold issue.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **Monday**, **April 21, 2025**, Plaintiffs must show cause why this action should not be dismissed for lack of subject matter jurisdiction or shall exercise their right to file an amended complaint addressing the jurisdictional issues raised herein. Failure to do so will result in the dismissal of this action without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Dated this 16th day of April 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

- 3 -