# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF ST. LOUIS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25-cv-00498-MTS |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiffs the City of St. Louis and Megan Green filed this action in this United States District Court against the sovereign State of Missouri. But the Eleventh Amendment "prevents" this Court "from asserting jurisdiction over a claim against" Missouri. *See Long v. Area Manager, Bureau of Reclamation*, 236 F.3d 910, 916–17 (8th Cir. 2001). This jurisdictional issue is so glaring that a first-year law student would be able to recognize it. *See* Philip M. Thoennes, *Eo Nomine: The Divergence of State and Foreign Sovereign Immunity*, 19 Lewis & Clark L. Rev. 543, 544–45 (2015) ("First-year constitutional law students are taught that states enjoy sovereign immunity by virtue of the Eleventh Amendment and the Constitution's federalist structure."); *cf. Westside Mothers v. Haveman*, 289 F.3d 852, 860 (6th Cir. 2002) (describing sovereign immunity as a "basic" feature of the federal system); *In re Baldwin-United Corp.*, 770 F.2d 328, 340 (2d Cir. 1985) (calling it a "basic" principle that the "Eleventh Amendment bars the federal courts from entertaining actions against the states without their consent or that of Congress").

Given the jurisdictional significance of this issue, the Court *sua sponte* raised it with Plaintiffs. *See Long*, 236 F.3d at 916 (raising the issue of Eleventh Amendment immunity *sua sponte*); *see also Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 333 n.8 (5th Cir. 2002) ("[W]e may consider this [sovereign immunity] issue *sua sponte* because it bears on this court's subject matter jurisdiction."). Because the flaw was so apparent on the face of the Complaint, the Court concluded that Plaintiffs[1] surely must have a novel waiver or abrogation theory that avoids it. *See Barnes v. State of Missouri*, 960 F.2d 63, 64–65 (8th Cir. 1992) (per curiam) (discussing waiver and abrogation, the two "well-established exceptions" to Eleventh Amendment immunity). Instead of outright dismissing the action, the Court ordered Plaintiffs to explain themselves by showing cause why the Court should not dismiss the action or, in the alternative, file an amended complaint that cured the defect. Doc. [5] at 3. To the Court's surprise, though, neither the City of St. Louis nor Megan Green filed anything in response. They altogether ignored the Court's Order and abandoned their case without so much as a muttering retreat. *Cf.* Fed. R. Civ. P. 41(a)(1)(A)(i) (permitting a plaintiff to voluntarily dismiss an action without prejudice and without a court order "before the opposing party either serves an answer or a motion for summary judgment").

The City of St. Louis and Green's failure to respond strongly suggests to the Court that Plaintiffs had no shrewd waiver or abrogation theory around sovereign immunity; instead, it appears that this action never should have been brought against the State of

---

[1] Plaintiffs are represented by more than able counsel, one of whom is recognized as a talented litigator in the area of governmental policy and regulation. *See, e.g.*, *State's Legal Champions Celebrated at Annual Missouri Lawyers Awards*, Missouri Lawyers Media (Feb. 14, 2025) (acknowledging the recipients of the 2024 Lawyer of the Year award). The Court takes judicial notice of this recognition. *See Am. Prairie Constr. Co. v. Hoich*, 560 F.3d 780, 796–97 (8th Cir. 2009) (citing Fed. R. Evid. 201(b)).

Missouri in the first place.[2]  Under Federal Rule of Civil Procedure 11(b)(2), when Plaintiffs' counsel presented their Complaint to this Court, they certified to the best of their "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the "claims" and "other legal contentions" therein were "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  The Court will therefore require Plaintiffs to show cause why their filing of this action against the sovereign State of Missouri, as pleaded, did not violate Rule 11(b)(2).

Rule 11 also prohibits filing a complaint for an "improper purpose."  *See* Fed. R. Civ. P. 11(b)(1).  When a party files a complaint that violates Rule 11(b)(2), it can raise the specter that they filed the action for an improper purpose under Rule 11(b)(1); after all, to what proper purpose would someone file a frivolous action?  *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1365 (9th Cir. 1990) (en banc) ("A district court confronted with solid evidence of a pleading's frivolousness may in circumstances that warrant it infer that it was filed for an improper purpose."); *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 664 (11th Cir. 2010) (Tjoflat, J., concurring in part) (explaining that "bringing a legally or factually frivolous claim" often is "probative

---

[2] Although a mere glance at Plaintiffs' Complaint revealed the sovereign immunity issue discussed above, additional issues become apparent after a more fulsome review.  Take, for example, Plaintiffs' sweeping claim for relief asking the Court to "permanently enjoin[]" the "State Takeover Law provisions." Doc. [1] at 10.  But the provisions about which they complain—*if* unconstitutional—are almost certainly severable.  *See* Mo. Rev. Stat. § 1.140; *Leavitt v. Jane L.*, 518 U.S. 137, 139 (1996) (per curiam) ("Severability is of course a matter of state law.").  Thus, as discussed *infra*, Plaintiffs' request that the Court permanently enjoin the enforcement of the statute seems tailored more toward the media than to the Court.  *See also* Jonathan F. Mitchell, *The Writ-of-Erasure Fallacy*, 104 Va. L. Rev. 933, 1017 (2018) (discussing "writ-of-erasure rhetoric" and opining that "courts should never issue 'permanent injunctions' against the enforcement of a statute").  The invocation of this Court's supplemental jurisdiction with respect to a novel and fundamentally important state-law issue is yet another example.  *See Hunter v. Page County*, 102 F.4th 853, 870 (8th Cir. 2024).

of a Rule 11(b)(1) improper purpose violation"). Even when a complaint is "not devoid of all merit" it still violates Rule 11(b)(1) if it is "filed for some malign purpose." *Lancellotti v. Fay*, 909 F.2d 15, 18–19 (1st Cir. 1990) (joined by Breyer, J.).

Rule 11(b)(1) prohibits bringing an action for "any improper purpose, such as to harass." To harass, though, "is but one of the possible improper purposes." *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 807 (5th Cir. 2003). Other improper purposes include cases brought to attract publicity, *see Bryant v. Brooklyn Barbecue Corp.*, 932 F.2d 697, 698 (8th Cir. 1991) (affirming district court's Rule 11 sanctions where it determined "the original complaint was filed solely for an improper purpose, namely to attract publicity and to harass the defendants"); *Ivy v. Kimbrough*, 115 F.3d 550, 553 (8th Cir. 1997) (finding no abuse of discretion in imposing Rule 11 sanctions, where, *inter alia*, conduct was "aimed at the media" and "primarily for local media consumption"), or to solely engage in political protest, *see Collins v. Daniels*, 1:17-cv-00776-RJ, 2018 WL 1671599, at *5 (D.N.M. Jan. 4, 2018), *aff'd*, 916 F.3d 1302 (10th Cir. 2019) (finding plaintiffs had an "improper purpose," namely "political reasons to express their opposition" to legislative reforms "rather than to advance colorable claims for judicial relief"); *Saltany v. Reagan*, 886 F.2d 438, 440 (D.C. Cir. 1989) (remanding to the district court with the instruction to impose Rule 11 sanctions where the plaintiff brought the suit "as a public statement of protest").[3]

---

[3] The Supreme Court also has "strongly suggested" that if a suit was politically motivated then "the suit would be improper within the meaning of Rule 11." *See* Carol Rice Andrews, Jones v. Clinton*: A Study in Politically Motivated Suits, Rule 11, and the First Amendment*, 2001 B.Y.U. L. Rev. 1, 25 (2001); *but see id.* at 104 (concluding, nevertheless, that "[a] court should not consider the political motivation of the plaintiff in applying Rule 11").

After having the fundamental jurisdictional issue called to their attention, the City and Green went radio silent—at least to the Court. The Court can only speculate as to Plaintiffs' purpose in hastily filing a slipshod action in federal court because they altogether ignored the Order while publicly discussing the matter with the press. All the Court can do is put their filing in the wider context to which everyone is privy.[4] And in this context, Plaintiffs' silence with the Court raises the appearance that they brought this action for improper purposes under Rule 11, namely, to harass the State of Missouri, to attract publicity, or to make a public statement of protest. The Court will therefore require Plaintiffs to show cause why their filing of this action against the sovereign State of Missouri did not violate Rule 11(b)(1) in that they must demonstrate their proper purpose for bringing this action.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs and their counsel shall show cause, in writing, consistent with this Memorandum and Order, why the conduct specifically described herein has not violated Rule 11(b) no later than **Wednesday, April 30, 2025**. *See* Fed. R. Civ. P. 11(c)(3).

Dated this 23rd day of April 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiffs filed this action in the afternoon of the final full day in office of the City's mayor, less than twenty-four hours before her opponent in the recent municipal election took office in her place. As already discussed, Plaintiffs clearly did not carefully think through their filing before signing and submitting it. Indeed, its typographical errors suggest that they put it together hurriedly. *See, e.g.*, Doc. [1] at 4 (alleging a violation of the freedom of "assocation" (case altered)); *id.* at 6 (referencing a violation of the Missouri "Constition's" prohibition on unfunded state mandates of local activity (case altered)).